UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ELLIOT H. DAVIS, JR.,
    Plaintiff,

vs.                                                    No. 14-1388

CORRECTIONAL OFFICER
TEMPLETON, et al.,
    Defendants

MERIT REVIEW ORDER

The pro se Plaintiff's original complaint was dismissed as a violation of Rule 8 of the
Federal Rules of Civil Procedure. *See* November 12, 2014 Text Order. The Plaintiff was given
additional time to file an amended complaint clarifying his claims and he has now complied.
Therefore, Plaintiff's motion for leave to file an amended complaint is granted.[5]

The court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended
complaint, and through such process to identify and dismiss any legally insufficient claim, or the
entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails
to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant
who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff claims Defendants Correctional Officer Templeton, Correctional Officer
Hanna, and Dr. Kul Sood violated his constitutional rights at Hill Correctional Center. (CHECK
ADDRESS). Specifically, the Plaintiff says Defendants Templeton and Hanna were not doing
their assigned jobs on October 12, 2012, which allowed another inmate to enter Plaintiff's cell
and attack him. The Plaintiff has adequately alleged both Defendants violated his Eighth
Amendment rights when they failed to protect him from an inmate attack.

1

The Plaintiff says after the assault, he had to press the panic button in his room for approximately 15 minutes before he received any response. Defendant Templeton then knowingly delayed treatment for another 30 to 45 minutes while the Plaintiff says he suffered in excruciating pain. Finally, the Plaintiff was taken to the Health Care Unit where he saw Dr. Sood. The Plaintiff told the doctor he was in terrible pain and could not see out of his eye. Nonetheless, the doctor delayed transporting the Plaintiff to an outside hospital until the next day.

The Plaintiff says he received surgery for his eye injury and he was told "due to the delay of treatment I suffered from severe clotting that interfered with the medical treatment I received…" (Amd. Comp., p. 7). The Plaintiff says he is still blind in his right eye. The Plaintiff has adequately alleged that both Defendant Templeton and Dr. Sood were deliberately indifferent to his serious medical condition when they delayed treatment for the Plaintiff's eye injury.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds the Plaintiff alleges: a) Defendants Templeton and Hanna violated the Plaintiff;s Eighth Amendment rights when they failed to protect the Plaintiff from an inmate attack, and 2) Defendants Templeton and Dr. Sood violated the Plaintiff's Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel

has appeared for Defendants before filing any motions, in order to give Defendants

notice and an opportunity to respond to those motions. Motions filed before

Defendants' counsel has filed an appearance will generally be denied as premature.

Plaintiff need not submit any evidence to the Court at this time, unless otherwise

directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of

service. Defendants have 60 days from the date the waiver is sent to file an Answer.

If Defendants have not filed Answers or appeared through counsel within 90 days of

the entry of this order, Plaintiff may file a motion requesting the status of service.

After Defendants have been served, the Court will enter an order setting discovery

and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff,

the entity for whom that Defendant worked while at that address shall provide to the

Clerk said Defendant's current work address, or, if not known, said Defendant's

forwarding address. This information shall be used only for effectuating service.

Documentation of forwarding addresses shall be retained only by the Clerk and shall

not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the

Clerk. A motion to dismiss is not an answer. The answer should include all defenses

appropriate under the Federal Rules. The answer and subsequent pleadings shall be

to the issues and claims stated in this Opinion. In general, an answer sets forth

Defendants' positions. The Court does not rule on the merits of those positions unless

and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant

to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The Plaintiff's motion for leave to file an amended complaint is granted. [5]**

12) **The clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

13) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 21st day of January, 2015

s/ Michael M. Mihm

_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE